## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

GERMAN HILDEBRANDO )
ALVAREZ LOBO, )
)
   Petitioner, )
)
v. )   **Case No. CIV-26-859-R**
)
MARKWAYNE MULLIN, et al., )
)
   Respondents. )
)
)

## REPORT AND RECOMMENDATION

Petitioner German Hildebrando Alvarez Lobo, a noncitizen,[1] seeks a writ of habeas corpus under 28 U.S.C. § 2241.[2] United States District Judge David L. Russell referred the case to the undersigned Magistrate Judge for initial proceedings under 28 U.S.C. § 636(b)(1)(B), (C). Doc. 3. The Government responded, Doc. 10 and Petitioner replied, Doc. 11. So, the matter is at issue.

For the reasons below, the undersigned recommends the Court grant Petitioner's habeas petition in part and order Respondents to provide

---

[1]   This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

[2]   Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

Petitioner with a bond hearing under 8 U.S.C. § 1226 within five business days or otherwise release Petitioner if he has not received a lawful bond hearing within that period.

## I.    Factual background and procedural history.

Petitioner is a citizen of Honduras who entered the country without inspection in approximately 1999. Doc. 1, at 10.[3]

On April 11, 2026, DHS detained Petitioner "after he was arrested in Kaufman County, Texas for trespassing on property which [he] did not know was privately owned." *Id.* at 17. Petitioner has not been provided with a bond hearing. *Id.* He is currently detained at the Diamondback Correctional Facility in Watonga, Oklahoma. *Id.*

## II.    Petitioner's claims.

Petitioner raises five grounds for relief:

(1)    Continued detention without a bond hearing before an immigration judge (IJ) in violation of the Immigration and Nationality Act (INA) and U.S. Constitution;

(2)    Continued detention without a bond hearing in violation of 8 § U.S.C. 1226's implementing regulations, 8 C.F.R. §§ 1003.19 and 1236.1;

(3)    Violation of the Fourth Amendment for warrantless arrest;

---

[3]    The parties have not presented anything to the Court suggesting Petitioner encountered border officials upon his entry, or that he was admitted or paroled into the country.

(4)     Unlawful detention based on the retroactive application of a new interpretation of 8 U.S.C. § 1225(b)(2)(A); and

(5)     Violation of the Fifth Amendment (Due Process) because he has received no bond hearing.

*Id.* at 63-66; Doc. 10, at 2. Petitioner asks the Court to order Respondent to immediately release him or, in the alternative, order Respondent to provide him with a prompt bond hearing within three days before a neutral IJ at which the Government bears the burden of proving, by clear and convincing evidence, that he poses a danger or flight risk; declaratory judgment pursuant to 28 U.S.C. § 2201; and an award of attorney's fees and costs under the Equal Access to Justice Act (EAJA), 5 U.S.C. § 504 and 28 U.S.C. § 2412. Doc. 1, at 66.

## III.    Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d

3

1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV.    Discussion.

### A.    Section 1226 governs Petitioner's detention

Petitioner asserts that Respondents violated the INA by detaining him under the mandatory detention provision in § 1225(b)(2).[4] Doc. 1, at 63-64. Petitioner effected entry into the country over two decades ago, so he is not subject to § 1225(b)(2)(A)'s mandatory detention requirement. *Quiroz v. Mullin,* No. 26-6019, --- F.4th ----, 2026 WL 1876709, at *5 (10th Cir. June 30, 2026) (holding "that noncitizens who entered the United States and . . . thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)."); *see also Barbosa da Cunha v. Freden*, 175 F.4th 61, 70 (2d Cir. 2026) (concluding the petitioner's detention was "governed by Section 1226(a), not Section 1225(b)(2)(A)," and explaining that its holding "allows noncitizens . . . who are already present in the United States and are determined not to be a flight risk or danger to the

---

[4]    Section 1225(b)(2) mandates detention for noncitizens who are "applicant[s] for admission, [where] the examining immigration officer determines that [the noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A).

community to be released on bond under Section 1226(a) while their removal proceedings are pending").

The Court should grant Petitioner's petition in part and order Respondents to provide Petitioner with a "prompt bond hearing under [] § 1226(a), or release Petitioner." *Munoz v. Grant*, No. CIV-26-544-D, 2026 WL 1078862, at *2 (W.D. Okla. Apr. 20, 2026); *see, e.g.*, *Colin v. Holt,* No. CIV-25-1189-D, 2025 WL 3645176, at *6 (W.D. Okla. Dec. 16, 2025) ("Petitioner has not received a bond hearing and Respondents raise no objection challenging their obligations to provide bond hearings for noncitizens that are detained under 8 U.S.C. § 1226(a).").

### B.    The Court should decline to address Petitioner's remaining claims.

Given the undersigned's recommendation as to the disposition of Petitioner's claim for relief under the INA, the undersigned recommends the Court decline to address the merits of Petitioner's procedural due process claim, Doc. 1, at 65-66. The Court likewise need not reach any Fourth Amendment claim arising from Petitioner's warrantless arrest or the retroactivity doctrine as the undersigned has determined the Government's interpretation of § 1225(b)(2)(A) is incorrect. *Id.* at 64-65. The Court can grant Petitioner the relief he seeks under § 1226(a). *See Colin*, 2025 WL 3645176, at

5

*6 n.3 ("Because the Court grants the relief the Petitioner requests based on the applicability of 8 U.S.C. § 1226(a), the Court declines to decide the merits of Petitioner's due process claim.").[5]

## V.  Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court **grant in part** Petitioner's habeas application and **order Respondents to provide Petitioner with an individualized bond hearing before a neutral IJ within five business days or otherwise release Petitioner if he has not received a lawful bond hearing within that period.**

**The undersigned further recommends that the Court order Respondents to certify compliance by filing a status report within ten business days of the Court's order. Counsel for Respondents should also promptly provide a copy of the Court's order to Counsel for the Warden of the Diamondback Correctional Facility.**

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by July 10, 2026,

---

[5]     As to Petitioner's request for EAJA fees, Petitioner must seek those separately after a final judgment. 28 U.S.C. § 2412(d)(1)(B).

in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72.[6] The undersigned further advises the parties that failure to make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 7th day of July, 2026.

_____

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE

---

[6]    Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to this Report and Recommendation to three days. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231 & n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance – particularly where strict application would undermine the habeas review process").