**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **GERMAN HILDEBRANDO ALVAREZ LOBO,** | ) ) ) | |
| **Petitioner,** | ) ) | |
| **v.** | ) | **Case No. CIV-26-859-R** |
| **MARKWAYNE MULLIN, et al.,** | ) ) ) | |
| **Respondents.** | ) | |

## ORDER

Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his detention by U.S. Immigration and Customs Enforcement [Doc. No. 1]. The matter was referred to United States Magistrate Judge Suzanne Mitchell who issued a Report and Recommendation [Doc. No. 12] recommending the Court grant the Petition in part and order Respondents to provide Petitioner with a lawful bond hearing pursuant to 8 U.S.C. § 1226. Respondents filed an Objection [Doc. No. 13] and Petitioner filed a Reply [Doc. No. 14] to the Report. The Court will now conduct a de novo review of those portions of the Report to which a specific objection is made. 28 U.S.C. § 636(b)(1); FED R. CIV. P. 72(b)(3).

Judge Mitchell found Petitioner is detained pursuant to 8 U.S.C. § 1226 and recommended that this Court order Respondents to provide Petitioner with a bond hearing pursuant to § 1226. She further recommends that this Court decline to address Petitioner's remaining claims for relief.

1

Respondents acknowledge that the Tenth Circuit's decision in *Santillan Quiroz v. Mullin*, No. 26-6019, 2026 WL 1876709 (10th Cir. June 30, 2026) is controlling in this matter, though they maintain that Petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2)(A). This Court agrees with Judge Mitchell's conclusion that Petitioner is detained pursuant to § 1226.

Respondents request only that (1) relief be limited to an order directing a bond hearing within seven days and (2) the Court decline to address Petitioner's remaining claims for relief. Petitioner's Reply indicates he does not object to Judge Mitchell's Report.

This Court agrees that the proper remedy is an individualized bond hearing under § 1226(a). *See id.* at *17 n.13 ("Because Santillan Quiroz can properly be subject to detention under § 1226(a), though, the district court shall order the Government to, within seven days of such order, either provide him with a bond hearing or else release him."). And because the Court grants Petitioner relief pursuant to his statutory claim, it declines to address his other claims for relief.

Accordingly, the Report and Recommendation of Judge Mitchell is ADOPTED in its entirety. The Petition for Writ of Habeas Corpus [Doc. No. 1] is GRANTED in part and Respondents are directed to provide Petitioner with a lawful bond hearing pursuant to § 1226(a) within seven days of the date of this order or otherwise release him if he has not received such a hearing within that period. Respondents shall certify their compliance with this Order.

IT IS SO ORDERED this 21st day of July, 2026.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE